IN THE UNITED STATES DISTRICT COURT

F0R THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Mark Hause, | ) C/A No. 9:13-1271-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Dr. Miles, *LCDC Physician*; Major Jones, *LCDC Supt.*; The Lexington County Detention Center, and Correct Care Solutions, *in their individual and or official capacities*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's pro se Complaint (ECF No. 1), filed in this Court on May 10, 2013, pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, et seq.  Plaintiff, a pretrial detainee in the Lexington County Detention Center ("LCDC") in Lexington, South Carolina, who is proceeding in forma pauperis, seeks injunctive, declaratory, and monetary relief, alleging violations of Plaintiff's constitutional rights and Plaintiff's rights under the ADA," i.e. (1) "denial of all legally required medical care for seizure/anxiety disorder, severe pain disorder of approx. 16 years, seriously broken right shoulder, etc."; (2) "unconstitutional conditions of confinement, denial of access to legal materials, phone calls, communication by phone at viable times"; and (3) "illegal, inadequate food service, etc. etc." Complaint, ECF No. 1, p. 2.  After Plaintiff filed his Complaint, he was released from the LCDC, on June 6, 2013.  See Notice of Change of Address (ECF No. 20). However, on August 1, 2013, Plaintiff was again confined in the LCDC, where he currently remains detained.  See Motion for



Extension of Time to File Response/Reply to Report and Recommendation, and Notice of Change of Address (ECF No. 40).  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

By Order dated May 15, 2013, ECF No. 8, Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2), was granted, and Plaintiff was ordered to bring the case into proper form as to a "John Doe" defendant, which Plaintiff later identified as Defendant Correct Care Solutions.  See Letter from Plaintiff (ECF No. 18).  The Complaint was ordered to be served on Defendants Miles, Jones, and LCDC .  See Order (ECF No. 14).  However, Plaintiff did not provide the Court with a proposed summons for Defendant Correct Care Solutions, along with Plaintiff's proposed Form USM-285 (ECF No. 18-2), as required to complete service.  Id.  Accordingly, the undersigned issued an Order dated June 10, 2013 (ECF No. 21), directing Plaintiff to provide a summons for Defendant Correct Care Solutions, by July 5, 2013, or risk having this Defendant dismissed for failure to comply with the Court's Orders, or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  See Proper Form Order (ECF No. 21).  Plaintiff failed to respond by the Order's deadline. Consequently, on July 19, 2013, the undersigned issued a Report and Recommendation (ECF No. 37, "R&R"), recommending that Defendant Correct Care Solutions be summarily dismissed, without prejudice, as a Defendant in this case.

On September 6, 2013, Plaintiff requested an extension of time to file objections to the R&R, and notified the Court of his change of address and re-confinement in the LCDC.  See Motion for Extension/Notice of Change of Address (ECF No. 40).  The Court granted Plaintiff's



request.  See Order (ECF No. 42).[1]  Plaintiff then filed objections (ECF No. 48), representing that, because of his difficulties walking and driving, he did not receive his mail for a time and thus was unaware of the defect in his documents required for obtaining service on Defendant Correct Care Solutions.  Plaintiff also provided a proposed summons for Defendant Correct Care Solutions, along with his objections.  See ECF No. 48-1.

After review of the record, the R&R, and Plaintiff's objections, the Court found that Plaintiff had shown good cause for his failure to comply with the Court's deadlines and that dismissal of Correct Care Solutions as a Defendant from this action under Fed. R. Civ. P. 41 was not warranted.  Therefore, by Order dated October 7, 2013 (ECF No. 49), the Court declined to adopt the R&R and remanded this matter to the undersigned for further pretrial proceedings, with instructions to enter an appropriate order to complete service on Defendant Correct Care Solutions.[2]

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 47)

On October 3, 2013, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 47). Plaintiff's Motion alleges that he is being denied access to a law library and adequate legal research materials while at LCDC, and seeks an injunction requiring Defendants to provide Plaintiff with access to a legally adequate law library.  Defendants Miles, Jones, and LCDC filed Responses in Opposition to the Motion (ECF Nos. 52, 53).  Defendants Miles, Jones, and LCDC assert that that

---

[1] On September 16, 2013, Plaintiff filed a Request for Entry of Default, ECF No. 45, which the Clerk of Court declined to enter, as Defendants Miles, Jones, and LCDC had previously filed an Answer and Amended Answer to Plaintiff's Complaint, ECF Nos. 24, 27, 36.

[2] The undersigned has simultaneously issued an Order, authorizing service of process of Plaintiff's Complaint (ECF No. 1) upon Defendant Correct Care Solutions.

3



Plaintiff's Motion should be denied because Plaintiff has failed to make an adequate showing to warrant the issuance of injunctive relief.

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 51)

On October 16, 2013, Plaintiff filed a motion for Temporary Restraining Order and/or Preliminary Injunction, which the undersigned has construed as a Motion for preliminary Injunction (ECF No. 51). Plaintiff's motion seeks an order that the Defendants provide Plaintiff with care/treatment by specialists for his alleged medical problems. Defendants Miles, Jones and LCDC filed responses in opposition to the motion (ECF Nos. 58, 59). Defendants assert that the motion should be denied for failure to justify such extraordinary relief.

### DISCUSSION

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." Pashby v. Delia, __ F.3d __, 2013 WL 791829, *7 (4th Cir. Mar. 5, 2013). On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980) (citing Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co., 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.),



333 F.3d 517, 526 (4th Cir.2003), abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

A district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction. To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Winter standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. Id. at 22. This standard compels the moving party to show that he is likely to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare Real Truth About Obama v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. __, 130 S. Ct. 2371 (2010), with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).³ Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party

---

³ In Real Truth, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated Real Truth and remanded the case for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. See Real Truth About Obama, Inc. v. FEC, 558 U.S. __, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, inter alia, the portion of the 2009 opinion setting forth the Winter-Real Truth preliminary injunction standard. See Real Truth About Obama, Inc. v. FEC, 607 F.3d 355 (4th Cir. 2010).



must show more than a mere possibility of harm.  Winter, 555 U.S. at 22.  Third, the moving party must show that the balance of equities tips in his favor.  Id. at 20.  Fourth, the district court must consider whether grant or denial of the injunction is in the public interest.  The court must give "particular regard" to the public consequences of granting a preliminary injunction.  Id. at 9, 24; Real Truth, 575 F.3d at 347.  The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria.  Instead, each requirement must be fulfilled as articulated.  Id. (quoting Blackwelder, 550 F.2d at 196).

An analysis of the Winter factors reveals that Plaintiff's motion for preliminary injunction fails.  First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint, with respect to claims of deliberate indifference to serious medical needs or denial of access to court.  Defendants argue that Plaintiff has merely stated in conclusory terms that he is receiving inadequate medical care and that he requires access to a law library and legal research materials in order to litigate this matter.  Defendants point out that Plaintiff claim that requires access to a law library and legal research materials in order for him to be able to move for a preliminary injunction regarding the provision of medical services that he is receiving at LCDC is belied by the fact that Plaintiff filed just such a motion in this case on October 16, 2013.  Second, as Defendants accurately note, Fourth Circuit case law is clear that county jails and county detention centers are not constitutionally required to have law libraries.  See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).  The holding in Magee is based on the fact that county jails are generally short-term facilities, wherein "the brevity of confinement does not permit sufficient time for prisoners to petition the courts."  Id.; see also Williams v. Leeke, 584 F.2d 1336, 1340 (4th Cir. 1978) ("We should not be understood to say that every small jail must have a law library. . . ."); Cruz



6

v. Hauck, 515 F.2d 322, 331-33 (5th Cir. 1975), cert. denied Andrade v. Hauck, 424 U.S. 917 (1976).  Plaintiff's allegations fail to show that LCDC's lack of a law library has or will cause him irreparable harm.  Plaintiff does not show that he has suffered any actual injury or specific harm vis a vis his right to access the courts.

Defendants note that Plaintiff litigated this same issue some two decades ago concerning the Horry County Detention Center's lack of a law library and his arguments were rejected by the Fourth Circuit.  See Hause v. Vaught, 993 F.2d 1079 (4th Cir. 1993).  In that case, Plaintiff asserted that injury should be presumed because no legal assistance at all was being offered to him during his incarceration.  Although recognizing that there may exist instances where the failure to provide any legal assistance at all merits a presumption of injury, the Fourth Circuit found that "[s]hort-term detention […] is not one of them."  Id. at 1084.  Likewise in this case, LCDC's lack of a law library accessible to inmates and pretrial detainees cannot be inferred to cause irreparable harm to Plaintiff sufficient to warrant a preliminary injunction.  Plaintiff contends that "the defendants do, in fact, have a law library in this facility for use by the Magistrate(s), etc." Motion (ECF 47, p. 6), and argues that requiring Defendants to provide Plaintiff access to this area would not cause Defendants to suffer any harm. Defendants assert that such a contention misapplies the irreparable harm element of Winter's second criteria which must be established in order for Plaintiff to be entitled to injunctive relief.  Moreover, even if legal research resources are available to state court magistrates at the LCDC as Plaintiff alleges, Plaintiff's contention ignores the obvious logistical and security challenges associated with allowing detainees access to areas that are reserved for members of the judiciary.  Thus, Plaintiff fails to show that the balance of equities tips in his favor.



Finally, Plaintiff alleges that because LCDC has no law library and because his right to access the courts has been denied, the public interest requires that this Court grant his request for an injunction in order to prevent Defendants' continued violation of the law. As discussed above, however, Plaintiff's allegations are conclusory and inaccurate. Bounds[4] "did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351); see also Strickler, 989 F.2d at 1385 ("Bounds did not hold that there is a right of access to a law library; it held that there is a right of access to the courts."). To state a claim for denial of access to the courts, a plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084-85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee, 810 F.2d at 452-53. Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va. 2004). Here, Plaintiff's Motion fails this test. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989).

As for Plaintiff's request that this Court order the Defendants to provide him with care from specialists, he has failed to show irreparable harm or that he will achieve success on the merits of his claim. Plaintiff's motion and exhibits themselves confirm that Plaintiff is being treated for his complaints.[5] While Plaintiff obviously disagrees with the treatment he is receiving, he has not shown that irreparable harm will result from a failure by the Court to issue an order requiring treatment for him which his own exhibits show that medical professionals have determined not to

---

[4]Bounds v. Smith, 430 U.S. 817 (1977).

[5]Defendants assert that Plaintiff's medical records have also been "incorporated" by Dr. Miles in his Answer to the Complaint. However, there are no medical records before the Court for review.

8



be necessary.  Rather, he just argues that this is so.  Cf. Meyer v. Miro, No. 01-4260, 2003 WL 23198856, at * 13 (D.S.C. Dec. 17, 2003), citing Los Angeles v. Lyons, 461 U.S. 95 (1983)[Noting that court should decline to grant Plaintiff injunctive relief where it would have the effect of allowing the prisoner to approve actions taken by prison officials].  Plaintiff is not entitled to an order from this Court generally requiring the Defendants to provide Plaintiff access to unidentified medical specialists for the administration of unknown or unclear medical procedures or care.

### RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's Motions for Preliminary Injunction (ECF Nos. 47, 51) be denied.  The parties' attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 13, 2013
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

