IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEPHEN MARK HAUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:13-cv-1271-RMG-BM |
| vs. ) | |
| ) | **ORDER** |
| DR. MILES, *LCDC Physician*; MAJOR ) | |
| JONES, *LCDC Supt.*; THE LEXINGTON ) | |
| COUNTY DETENTION CENTER, and ) | |
| CORRECT CARE SOLUTIONS, *in their* ) | |
| *individual and official capacities*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 63) recommending that Plaintiff's motions for preliminary injunction be denied. For the reasons set forth below, the Court **ADOPTS** the R & R. Accordingly, Plaintiff's motions for preliminary injunction (Dkt. Nos. 47, 51) are **DENIED**.

## Background

Plaintiff is a pretrial detainee at Lexington County Detention Center (LCDC).[1] He filed this action alleging claims against LCDC pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. (Dkt. No. 1.) Plaintiff has filed two motions for preliminary injunction. In the first, he claims that he is being denied access to a law library and adequate legal research materials and seeks an injunction requiring Defendants to provide him with access to a legally adequate law library. (Dkt. No. 47.) In the second, Plaintiff seeks an order that requiring the

---

[1] Plaintiff was a pretrial detainee at LCDC when he filed this action in May of 2013. (Dkt. No. 1 at 2.) He was subsequently released in early June of 2013 (*see* Dkt. No. 20) and was again confined on August 1, 2013. (Dkt. No. 40 at 1.)

1

Defendant to provide him with treatment by specialists for his alleged medical problems. (Dkt. No. 51.) Specifically, Plaintiff wants an order requiring treatment by a "Neurologist, Pain Specialist, and Orthopedic Surgeon." (*Id.* at 2.) The Defendants filed responses.[2] (Dkt. Nos. 52, 53, 58, 59.) The Magistrate Judge recommended that Plaintiff's motions be denied because he has not met the required showing under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). (Dkt. No. 63.) Petitioner has filed objections. (Dkt. No. 69.)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy*

---

[2] Apparently, Petitioner did not receive copies of all of these responses in a timely manner, due to the fact that some of the Defendants had a scrivener's error in their records transposing two digits of Petitioner's Post Office Box. (Dkt. No. 74; Dkt. No. 69 at 1-3.) Defendants have since served these documents at the proper address. (Dkt. No. 74.) Petitioner did, however, receive a copy of the Magistrate Judge's R & R and was able to timely file objections to the R & R (*see* Dkt. No. 69), and this Court will consider the motions de novo. Thus, Petitioner has not been prejudiced by the late receipt of Defendant's responses.

*Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir 2001) (internal quotations and citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiff must show each of the four *Winter* factors to obtain a preliminary injunction. *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013).

## Discussion

The Court has reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Plaintiff has not clearly shown that he us likely to succeed on the merits of his claims. With regard to Plaintiff's first motion, Mr. Hause is aware that short-term detention centers are not constitutionally required to have law libraries. *See Hause v. Vaught*, 993 F.2d 1079, 1084-85 (4th Cir. 1993) (rejecting Ms. Hause's claims based on the fact that he lacked access to a law library as a pretrial detainee at a county detention center).

With regard to his second motion, Mr. Hause's filings show that he is receiving medical care. (*See* Dkt. Nos. 51, 51-1.) His brief and his objections to the R & R consist of conclusory assertions that he disagrees with the medical providers treating him at LCDC. (*See id.*; Dkt. No. 69.) He has not put forward evidence that the treatment he seeks is necessary or that the care he is receiving is constitutionally inadequate; he simply asserts that it is. (*See* Dkt. Nos. 51, 69.)

The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation, (Dkt. No. 63), as the order of this Court. Accordingly, Plaintiff's motions for preliminary injunction (Dkt. Nos. 47, 51) are **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

December 11, 2013
Charleston, South Carolina